IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



CHRISTOPHER HAYES LEVERSON,
    **Plaintiff,**

-vs-
                   **Case No.  A-14-CA-1118-SS**

CITY OF AUSTIN/AUSTIN POLICE
DEPARTMENT; AUSTIN POLICE CHIEF ART
ACEVEDO; POLICE OFFICER LARRY VEST;
POLICE OFFICER SCOTT POPHAM; POLICE
OFFICER SHANA HOWELL; POLICE
OFFICER JEFFERY RODRIGUEZ; POLICE
OFFICER LEONARD WHEELER; POLICE
OFFICER SANDRA BENNINGFIELD; POLICE
SERGEANT DEBRA TREVINO; and JOHN
DOES A-Z who are unknown to the plaintiff at
this time but are in the chain of command for the
Austin Police Department,
         **Defendants.**

# <u>O R D E R</u>

   BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants[] the City of Austin[,] Officer Jeffrey Rodriguez, Officer Leonard Wheeler, and John Does A–Z's 12(c) Motion to Dismiss [#44], Plaintiff Christopher Hayes Leverson's Response [#46] in opposition, Defendants' Motion for Summary Judgment [#43], Plaintiff's Response [#47] in opposition, and Defendants' Reply [#48] in support. Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

*Pro se* Plaintiff Christopher Hayes Leverson brings this 42 U.S.C. § 1983 civil rights action against the City of Austin and various members of the Austin Police Department in connection with a traffic stop that led to his arrest. Leverson alleges violations of his Fourth, Fifth, and Fourteenth Amendment rights and unspecified "rights . . . under the statutory and tort law of the State of Texas." Am. Compl. [#27] ¶¶ 68–71.

The relevant facts are as follows. On December 20, 2012, while on patrol in downtown Austin looking for vehicles with expired registration, Defendant Officers Larry Vest and Scott Popham targeted Leverson's vehicle, a white Jeep. Finding the Jeep's registration was expired, Vest and Popham turned on their cruiser's emergency lights to initiate a traffic stop. Rather than pull over immediately, however, Leverson continued driving for several blocks, at one point turning the Jeep toward an empty curb and then back into traffic. Mot. Summ. J. [#43-1] Ex. A, Attach. 5 (Dash Cam Recording) at 0:55–1:00.

The officers sounded their emergency siren several times and began ordering Leverson to pull over via loudspeaker. Leverson, however, continued to drive for a few more blocks before finally coming to a stop. *Id.* at 1:08–1:50. According to Leverson, he "assum[ed]" he would be "arrested on the spot" during the encounter and was thus "looking for a proper place to pull over" which would not "give the officers any reason to have [his] Jeep towed[.]" Resp. Mot. Summ. J. [#47-1] Ex. 1 (Leverson Decl.) ¶ 2. The officers characterize Leverson's driving before coming to a stop as unusual and "evasive." Mot. Summ. J. [#43-1] Ex. A (Vest Decl.) ¶ 8.

After Leverson pulled over, Vest approached the Jeep's driver's side window, asked Leverson why he had taken so long to stop, and requested his driver's license and proof of insurance.

Leverson ignored the request, instead asking whether the encounter was being recorded and, for the first of many times, "inform[ing] [Vest] for the record I am not engaged in transportation." Dash Cam Recording at 2:06–2:41.

Leverson stepped out of his car, continuing to ignore the officers' requests he produce his driver's license and insurance. As Leverson repeatedly asked the officers to "acknowledge" "for the record" that he was "not engaged in transportation," the officers placed Leverson in handcuffs, informing Leverson he was pulled over for expired registration and lack of inspection, was being detained, and was not under arrest. *Id.* at 2:42–4:15. The officers frisked Leverson for safety and found a knife and metal rod in Leverson's pants. *Id.* at 4:21–4:41.

Defendant Sergeant Debra Trevino, the officers' supervisor, arrived on the scene and gave the officers approval to arrest Leverson. Mot. Summ. J. [#43-1] Ex. C (Popham Decl.) ¶ 8. Additionally, Vest called the APD's Arrest Review Unit and received approval to arrest Leverson for eluding arrest. *Id.* ¶ 16. The officers then placed Leverson under arrest, informed him his car would be towed, and took him to jail, where he was booked in for eluding arrest, expired registration, lack of inspection, lack of insurance, and failure to display a driver's license. *Id.*; Dash Cam Recording at 14:58–15:10.

Pursuant to APD impoundment policy, Defendant Officer Shana Howell conducted an inventory search of Leverson's vehicle prior to the tow. *See* Mot. Summ. J. [#43-1] Ex. A, Attach. 4 (APD Policy) at 350.3.1(a), 350.4(a). Among other items, Howell discovered Leverson's driver's license, a large knife concealed underneath the driver's-side sun visor, three loaded pistol magazines, a loaded Glock pistol, and a loaded tactical shotgun. *Id.* [#43-1] Ex. D (Howell Decl.) ¶¶ 7–8.

Defendant Officer Sandra Benningfield, then a detective in APD's Firearms Unit, was assigned to investigate the firearms aspect of Leverson's case. *Id.* [#43-1] Ex. E (Benningfield Decl.) ¶ 3. Bennington concluded that because Leverson was charged with eluding arrest, the presence of weapons in his vehicle meant he could also be charged with unlawfully carrying a weapon. *Id.* ¶¶ 4, 7. After conferring with the County Attorney's Office, APD filed an additional charge against Leverson for unlawfully carrying a weapon. *Id.* ¶ 8.

On September 3, 2013, Leverson filed his first lawsuit in this Court stemming from these events, suing the City prosecutor and municipal court judge involved in his prosecution under § 1983 and various common-law theories. *See* Compl. [#1], *Leverson v. Sullivan et al.*, No. A-13-CV-0764-SS (W.D. Tex. 2013) (*Sullivan* Case). On October 17, 2013, the Court dismissed that suit with prejudice, *see* Order of Oct. 17, 2013 [##7, 8], *Sullivan* Case, and the Fifth Circuit affirmed on appeal, *see* USCA J./Mandate [#14], *Sullivan* Case.

Leverson initiated the present action by filing his complaint on December 18, 2014. *See* Compl. [#1]. The Court granted a motion to dismiss without prejudice on February 9, 2015, *see* Order of Feb. 9, 2015, warning Leverson "that on every defendant he has sued wherein there is no cause of action or no cause of action can be established, the Court will consider sanctions under Rule 11 . . . and, in addition to assessing court costs, will assess attorney's fees." Order of Feb. 9, 2015 [#24].

Leverson filed his amended complaint, the presently operative pleading, on March 10, 2015. *See* Am. Compl. [#27]. Defendants filed the instant motions to dismiss and for summary judgment on April 20, 2016. *See* Mot. Summ. J. [#43]; Mot. Dismiss [#44]. The motions are now ripe for decision.

## I.      Motion to Dismiss

### A.      Legal Standard—Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## B.    Application

In their motion, Defendant Officers Jeffrey Rodriguez and Leonard Wheeler argue Leverson has failed to allege sufficient factual material against them to state a claim for relief. The City further argues Leverson's § 1983 claims against it should be dismissed, as Leverson has failed to allege any official City policy or custom that led to the alleged constitutional violations. Finally, these three Defendants request dismissal of any remaining claims against John Does A–Z. As noted in his response, Leverson does not oppose dismissal of all claims against Rodriguez, Wheeler, and John Does A–Z, *see* Resp. Mot. Dismiss [#46] at 1–2; those claims are therefore dismissed. Leverson does, however, contest dismissal of his § 1983 claims against the City. As the City has also moved for summary judgment on all claims against it, however, the Court declines to dismiss Leverson's claims against the City, and will instead evaluate them on summary judgment.

## II.     Motion for Summary Judgment

## A.     Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence

supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to

support the nonmovant's opposition to the motion for summary judgment. *Id.*

   "Only disputes over facts that might affect the outcome of the suit under the governing laws

will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  Disputed fact

issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary

judgment motion. *Id.*  If the nonmoving party fails to make a showing sufficient to establish the

existence of an element essential to its case and on which it will bear the burden of proof at trial,

summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## B.   Application

   The City, as well as Defendants Chief Art Acevedo, Sergeant Trevino, and Officers Vest,

Popham, Howell, and Benningfield (collectively, the MSJ Defendants) move for summary judgment

on all of the remaining claims.  Viewing the record in the light most favorable to Leverson, the Court

agrees with the MSJ Defendants that summary judgment in their favor on all Leverson's claims is

proper.  Leverson has failed to show he suffered any injury to his constitutional rights which would

render any of the MSJ Defendants liable.

   According to Leverson's response to the motion for summary judgment, his claims are based

on alleged violations of his (1) Fourteenth Amendment right to due process "[b]y the levy of a charge

. . . that the officers knew to be false at the time," (2) Fifth Amendment "rights to refuse to provide

evidence that could be used against him later at trial," and (3) Fourth Amendment "rights to be free

from unwarranted search and seizure of his persons and property." Resp. Mot. Summ. J. [#47] at

17. Because Leverson fails to prove any of these constitutional violations, all of his theories of liability based on these violations fail.

### 1.    Fourteenth Amendment

Leverson's Fourteenth Amendment due process claim sounds in malicious prosecution. *See* Am. Compl. [#27] ¶ 68 ("Defendants violated Mr. Leverson's . . . Fourteenth Amendment rights when . . . [they] continued their false prosecution of Mr. Leverson without probable cause."). As the Fifth Circuit has explained, "causing charges to be filed without probable cause will not without more violate the Constitution.  So defined, the assertion of malicious prosecution states no constitutional claim." *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003).  While Leverson does conclusorily assert that the police "falsif[ied] . . . records in support of that known false allegation," he provides no evidence in support of this allegation. The MSJ Defendants are therefore entitled to judgment on Leverson's claims to the extent they are grounded in alleged Fourteenth Amendment violations.

### 2.    Fifth Amendment

Leverson's Fifth Amendment claim is also without merit.  The Court notes Leverson's complaint never describes what his Fifth Amendment claim actually is; as such, Leverson fails to state a claim for relief on this ground.  *See* Am. Compl. [#27] ¶¶ 69–70 (generally alleging an unspecified Fifth Amendment deprivation). Assuming for the sake of completeness Leverson meant to allege, as he suggests in his response, that Defendants violated his privilege against self-incrimination, Leverson has presented no evidence indicating he was made to be a witness against himself in a criminal case.   Consequently, Leverson has neither alleged nor shown a Fifth Amendment violation. *See Chavez v. Martinez*, 538 U.S. 760, 770 (2003) ("[A] violation of the

constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case.").

### 3.     Fourth Amendment

Construing Leverson's Fourth Amendment allegations as claims for unlawful arrest and unlawful search,[1] those claims also fail.  First, there was no unlawful arrest, as failure to display proper vehicle registration and driving without a license are lawful grounds for arrest under Texas law.  *See* TEX. TRANSP. CODE §§ 502.472, .473 (displayed, proper registration required); 521.021 (driver's license required); 543.001 (warrantless arrest permitted for traffic violations).  Because Leverson failed to produce a driver's license or display a vehicle registration sticker, Officers Vest and Popham had probable cause to believe Leverson was committing a crime in their presence.  As the Supreme Court has held, "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2011) (arrest for failure to wear seatbelt did not offend the Fourth Amendment).  Leverson's arrest was constitutional. *See Marzett v. McCraw*, —S.W.3d—, 2015 WL 1886827, *1–2 (Tex. App.—Dallas 2015, pet. denied) (affirming dismissal of *pro se* appellant's claims that Texas officials "illegally enforced the Texas Transportation Code against him when he was not engaged in transportation" and noting "[a]n arrest for a minor traffic violation is not an unreasonable seizure under the Fourth Amendment" (citing *Atwater*, 532 U.S. at 354)).

---

[1] The Court does not read Leverson's complaint to assert an excessive force claim.  Even if Leverson did assert such a claim, there is no record evidence whatsoever that the arresting officers used excessive force in effectuating Leverson's arrest, and the MSJ Defendants would therefore be entitled to judgment on that claim. *See generally* Dash Cam Recording.

Second, the search of Leverson's vehicle was a permissible inventory search. Inventory searches "are now a well-defined exception to the warrant requirement" and are constitutional if conducted pursuant to "reasonable police regulations . . . administered in good faith[.]" *Colorado v. Bertine*, 479 U.S. 367, 371, 374 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976). The policy of the Austin Police Department authorizes impoundment of a vehicle where its "operator has been arrested and the vehicle is otherwise safely operable," and requires officers to inventory vehicles "[i]n all incidents" of impoundment. APD Policy at 350.3.1(a), 350.4(a). Leverson does not respond to the MSJ Defendants' argument on this point, and there is no evidence the officers who searched Leverson's vehicle did so in bad faith or contrary to APD policy. Further, the policy itself is not constitutionally deficient; rather, by its explicit terms, it is consistent with "protecting the property of the vehicle's owner" and "protecting the police against claims or disputes over lost or stolen property." *United States v. McKinnon*, 681 F.3d 203, 210 (5th Cir. 2012) (quoting *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999)); *see* APD Policy at 350.4(a). Defendants are entitled to judgment on Leverson's Fourth Amendment claims.

Because Leverson suffered no constitutional injury, all of his § 1983 claims lack merit. *See Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir. 1983) (citing 42 U.S.C. § 1983) ("The two elements of a section 1983 claim are (1) deprivation of a federal right (2) under color of state law."). Finally, Leverson's sole allegation concerning violations of state law is a vague and conclusory statement that "[t]he actions of Defendants violated the rights of the Plaintiff under the statutory and tort law of the state of Texas." Am. Compl. [#27] ¶ 71. This fails to state a claim for relief. Leverson's unspecified claims grounded in unspecified state laws are dismissed.

## Conclusion

Accordingly:

IT IS ORDERED that Defendants[] the City of Austin[,] Officer Jeffrey Rodriguez, Officer Leonard Wheeler, and John Does A–Z's 12(c) Motion to Dismiss [#44] is GRANTED as to Officers Rodriguez, Wheeler, and John Does A–Z and DENIED as to the City of Austin, as described in this opinion;

IT IS FURTHER ORDERED that Plaintiff Christopher Hayes Leverson's state law claims are DISMISSED WITHOUT PREJUDICE; and

IT IS FINALLY ORDERED that Defendants the City of Austin, Chief Art Acevedo, Sergeant Debra Trevino, Officer Larry Vest, Officer Scott Popham, Officer Shana Howell, and Officer Sandra Benningfield's Motion for Summary Judgment [#43] is GRANTED.

SIGNED this the _19th_ day of May 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE